WILLIAM JANSEN ET UX. v. THE GOERKE COMPANY.

Submitted December 6, 1906—Decided February 25, 1907.

When a trial judge has erroneously charged that a husband, in an action based on his wife's injury, might recover compensation for loss of his wife's assistance in the household, and *secondly*, recompense for the hire of a woman to do certain household work which the wife had done before she was injured, an exception in the words of the charge is sufficient upon error, in the absence of a requirement by the trial court that the ground of exception be more specifically stated.

---

On error to the Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and GARRETSON.

For the plaintiff in error, *Hood & Hood*.

For the defendant in error, *Julius Feldman*.

The opinion of the court was delivered by

GARRISON, J. In an action brought by husband and wife to recover damages for injuries sustained by the wife, the trial court charged the jury, among other things, as follows:

"The matters to be considered as to the husband, whose right to recover depends upon that of his wife, are—*first,* what would compensate him for the loss of his wife's assistance in the household; and *secondly,* recompense for the hire of a woman to do the scrubbing and ironing, which the plaintiff, Mrs. Jansen, had done before, and which, the evidence is, generally cost about a dollar and a half a week."

At the conclusion of the judge's charge, counsel for the defendant prayed an exception, as follows, which was allowed and sealed:

"Mr. Hood—I want to except to so much of your Honor's charge wherein you said that in fixing the compensation to go to the husband, in case there is a recovery, that he is entitled to be compensated for the loss of his wife's assistance in the household and recompense for whatever has to be paid out for hire of a woman to do the scrubbing and washing and ironing that the wife used to do before."

This exception was evidently directed to the language just quoted, by which the jury was instructed that it might give the husband damages for the loss of his wife's assistance in the household and for the cost of providing such assistance, which was obvious error, since it allowed double damages. It is equally obvious that the trial judge did not appreciate the precise ground of the exception prayed by counsel. Counsel could have been required to state his ground more specifically, but in the absence of such requirement his exception is sufficient. *Van Blarcom* v. *Central Railroad Co.,* 44 *Vroom* 540.

The judgment is reversed.